UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

GREGORY PIERRE MATTHEWS,

    Petitioner,

-vs-

BECKY CARL, WARDEN,
ST. LOUIS CORRECTIONAL FACILITY,

    Respondent.

Civil Action No. 1:22-cv-00566
Hon.

---

RACHEL K. WOLFE (P79204)
Wolfe Law PLLC
23200 John R. Road
PO Box 13
Hazel Park, MI 48030
(231) 388-5762
rachel@wolfelawpllc.com

*Attorney for Petitioner*

---

### PETITION FOR WRIT OF HABEAS CORPUS

Petitioner **GREGORY MATTHEWS,** through his attorneys, **WOLFE LAW PLLC**, by **RACHEL K. WOLFE**, pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 2254, petitions this Honorable Court to grant him a Writ of Habeas Corpus, and respectfully states:

    1.    Mr. Matthews is a citizen of the United States, is domiciled in Michigan, and is currently imprisoned in St. Louis, Michigan.

    2.    Mr. Matthews is currently unconstitutionally detained and imprisoned by the Respondent, Becky Carl, Warden at the St. Louis Correctional Facility in St. Louis Michigan.

3. A Kent County jury convicted Mr. Matthews of armed robbery, MICH COMP. LAWS § 750.529; felon in possession of a firearm, MICH COMP. LAWS § 750.224f; and possession of a firearm during the commission of a felony (commonly known as felony firearm), MICH COMP. LAWS § 750.227b.

4. On December 22, 2015, Mr. Matthews was sentenced as a fourth offense habitual offender, MICH COMP. LAWS § 769.12, to concurrent sentences of 35 to 60 years for the armed robbery and felon in possession convictions, which were to be served consecutive to a two-year sentence for the felony-firearm conviction.

5. The provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") govern this case because Mr. Matthews is filing his habeas application after the effective date of the AEDPA. *Lindh v. Murphy,* 521 U.S. 320, 336 (1997). The Act dictates the standard of review that a federal court must use when reviewing applications for writs of habeas corpus. 28 U.S.C. § 2254(d).

6. Venue is proper in this Court because Petitioner Matthews was convicted in Kent County Circuit Court, which is in the Western District.

7. This case arose from the September 28, 2014 alleged armed robbery of William Kirkland on Christie Avenue in Grand Rapids, Michigan. Petitioner Gregory Matthews, a resident of the Grand Rapids area and an acquaintance of Kirkland, was charged with the crime.

8. As is more clearly explained in the attached Memorandum of Law, the state's case against Mr. Matthews rested entirely on the eyewitness testimony of Kirkland, who testified that Mr. Matthews had robbed him at gunpoint and stolen money and a watch before taking off. Although several other witnesses testified that they had seen what looked like a robbery taking

place, none of the witnesses had been near the scene and none of them could identify the perpetrator under the circumstances.

9. During the three-day jury trial in Kent County, Mr. Matthews informed the trial court that he had provided his counsel with the name of an alibi witness that had picked him up and driven him to his mother's house on the morning of the robbery (JT III, pp 70-71).[1] The trial court noted that at no time during pretrial proceedings did Mr. Matthews mention or identify this witness, and proper notice of the alibi defense had not been provided to the court and the prosecution (JT III, pp 72-73). The trial court denied Mr. Matthews' request to present the witness in his defense (JT III, p 73).

10. Mr. Matthews was convicted by the jury of one count of armed robbery, one count of felon in possession of a firearm, and one count of possession of a firearm during the commission of a felony (felony-firearm) (JT III, p 74).

11. On December 22, 2015, Kent County Circuit Court Judge Dennis B. Leiber sentenced Mr. Matthews as a fourth offense habitual offender, MICH COMP. LAWS § 769.12, to concurrent sentences of 35 to 60 years for the armed robbery and felon in possession convictions, which were to be served consecutive to a two-year sentence for the felony-firearm conviction.

### PRIOR PROCEEDINGS AND EXHAUSTION OF REMEDIES

12. Mr. Matthews has exhausted all state remedies available to him with regard to the constitutional issues raised in the body of this petition. At every stage of the proceedings, the state courts were fairly presented with the substance of Mr. Matthews' Federal Constitutional claims

---

[1] Herein, "JT I" refers to jury trial transcript dated November 16, 2015. "JT II" refers to jury trial transcript dated November 17, 2015. "JT III" refers to jury trial transcript dated November 18, 2015. "ST" refers to sentencing transcript dated December 22, 2015.

and were given a full and fair opportunity to rule on the claims before he sought relief in this Court. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

13. In his appeal as of right, Mr. Matthews was represented by attorney John D. Roach (P53746), who argued that:

   I. WAS MR. MATTHEWS DENIED HIS RIGHT TO PRESENT A DEFENSE BY THE TRIAL COURT'S RULING SUPPRESSING TWO WITNESSES FROM PRESENTING AN ALIBI DEFENSE.

   II. IS MR. MATTHEWS ENTITLED TO A NEW TRIAL BECAUSE A FINDING THAT HE IS GUILTY OF ARMED ROBBERY IS AGAINST THE GREAT WEIGHT OF THE EVIDENCE GIVEN THAT THE ONLY EVIDENCE AGAINST MR. MATTHEWS WAS THE INCREDIBLE TESTIMONY OF ONE WITNESS WITH MOTIVATION TO LIE.

   III. WAS THE BINDOVER BASED ON INADMISSIBLE EVIDENCE AND THERE WAS OTHERWISE INSUFFICIENT EVIDENCE TO SUPPORT THE BINDOVER AND COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A MOTION TO QUASH OR PURSUE AN INTERLOCUTORY APPEAL.

   IV. DID THE TRIAL COURT IMPOSE AN UNREASONABLE SENTENCE OF 35 TO 60 YEARS IMPRISONMENT FOR ARMED ROBBERY AND FELON IN POSSESSION OF A FIREARM WITHOUT EXPLANATION.

14. In his *pro per* Supplemental brief, Mr. Matthews raised the following claims:

   I. MR. MATTHEWS WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER STATE AND FEDERAL CONSTITUTIONS WHEN HIS TRIAL ATTORNEY (A) NEGLECTED TO CHALLENGE THE SUFFICIENCY OF THE COMPLAINT, PROBABLE CAUSE AND WARRANT; (B) FAILED TO OBJECT TO INADMISSIBLE EVIDENCE; (C) DENIED MR. MATTHEWS COUNSEL AT A CRITICAL STAGE; (D) FAILED TO INVESTIGATE; (E) FAILED TO TIMELY FILE ALIBI NOTICE; (F) FAILED TO PRESENT A SUBSTANTIAL DEFENSE, AND (G) FAILED TO MAKE SURE MR. MATTHEWS' PRV'S WERE ACCURATELY SCORED.

      II.      THE CUMULATIVE EFFECT OF TRIAL COUNSEL'S ERROR, MISTAKE AND NEGLIGENCE, DEPRIVED MR. MATTHEWS OF A FAIR TRIAL AND EFFECTIVE ASSISTANCE OF COUNSEL.

15. On July 13, 2017, the Michigan Court of Appeals affirmed Mr. Matthews' in an unpublished *per curiam* opinion. *People v. Matthews*, unpublished opinion per curiam of the Michigan Court of Appeals, issued July 13, 2017 (Docket No. 331177) (SAWYER, P.J., HOEKSTRA, J. AND BECKERING, J., presiding) (attached as Appendix: A).

16. Mr. Matthews filed a timely application for leave to appeal to the Michigan Supreme Court. On July 3, 2018, the Michigan Supreme Court held the case in abeyance pending the outcome of a pending application in *People v. Ames,* 903 N.W.2d 399 (2017). *People v Matthews,* 913 N.W.2d 311 (2018) (attached as Appendix: B).

17. On November 26, 2019, the Michigan Supreme Court indicated that leave to appeal was denied in *People v. Ames,* 504 Mich. 899; 929 N.W.2d 283 (2019), on June 26, 2019, and in light of *Ames,* the Court denied Mr. Matthews' application for leave to appeal. The Court also denied the motion to remand for an evidentiary hearing. *People v. Matthews,* 505 Mich. 868; 935 N.W.2d 319 (2019) (attached as Appendix: C).

18. Mr. Matthews did not seek for a writ of certiorari in the United States Supreme Court.

19. On February 1, 2021, Mr. Matthews, in *pro per,* filed a post-conviction motion for relief from judgment in the Kent County Circuit Court pursuant to MICH. CT. R. § 6.500 *et seq.*, in which he raised the following claims:

      I.      MR. MATTHEWS WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE: (A) TRIAL COUNSEL FAILED TO CHALLENGE THE LATE AMENDMENT OF THE HABITUAL OFFENDER NOTICE SUPPLEMENTAL INFORMATION WHICH INCREASED THE

          REQUIRED PENALTY; (B) FAILED TO MOTION THE TRIAL COURT FOR AN ADJOURNMENT OR CONTINUANCE IN ORDER TO PROPERLY FILE NOTICE OF AN ALIBI IN ACCORDANCE TO MCL 769.20(i).

    II.    MR. MATTHEWS' RIGHTS WERE VIOLATED UNDER THE SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHERE APPELLATE COUNSEL FAILED TO PRESENT THE ISSUE OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND FAILED TO MASTER THE RECORD AVAILABLE AND THOROUGHLY RESEARCH THE LAWS, FACTS AND CIRCUMSTANCES IN IDENTIFYING THE STRONGER ISSUES THAT MAY BE ADVANCED ON DIRECT APPEAL.

    III.    MR. MATTHEWS WAS DENIED HIS STATE AND FEDERAL CONSTITUTIIONAL RIGHTS TO DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENT WHERE TWO FELONY CHARGES WERE INCLUDED IN AN AMENDED INFORMATION/INDICTMENT AND THE SUPPLEMENTAL INFORMATION WAS AMENDED TO INCLUDE A PRIOR FELONY CONVICTION NOT INCLUDED IN THE ORIGINAL INFORMATION/INDICTMENT.

20. On August 20, 2021, Circuit Court Judge Leiber denied the motion for relief from judgment. (Order, attached as Appendix: D.)

21. Mr. Matthews subsequently filed an application for leave to appeal to the Michigan Court of Appeals. On February 17, 2022, the Court of Appeals denied leave to appeal. *People v. Matthews*, unpublished order of the Michigan Court of Appeals, entered February 17, 2022 (Docket No. 358683) (attached as Appendix: E).

22. The Michigan Supreme Court denied Mr. Matthews timely filed application for leave to appeal on May 31, 2022. (attached as Appendix: F).

23. The instant petition is timely brought and within the appropriate statute of limitations for habeas corpus actions under 28 U.S.C. 2244(d)(1)(A), *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

24. Mr. Matthews has not filed any previous Petition for Writ of Habeas Corpus in this or any other federal district court.

25. Mr. Matthews maintains that he is entitled habeas corpus relief based on the following constitutional claims:

   I. MR. MATTHEWS WAS DENIED HIS CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE BY THE TRIAL COURT'S RULING SUPPRESSING TWO ALIBI WITNESSES. THE MICHIGAN COURT OF APPEALS DECISION TO THE CONTRARY WAS OBJECTIVELY UNREASONABLE BASED ON THE CIRCUMSTANCES OF THIS CASE.

   II. MR. MATTHEWS RECEIVED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND HABEAS RELIEF IS APPROPRIATE BASED ON THE FOLLOWING: (A) FAILING TO FILE A MOTION TO QUASH OR PURSUE AN INTERLOCUTORY APPEAL; (B) FAILURE TO CHALLENGE THE VALIDITY OF THE COMPLAINT; (C) FAILED TO INVESTIGATE AND FILE A TIMELY ALIBI NOTICE; (D) FAILURE TO MOVE FOR AN ADJOURNMENT; (E) FAILURE TO COMMUNICATE UNTIL THE WEEK PRIOR TO TRIAL; AND (F) DENIAL OF COUNSEL AT A CRITICAL STAGE.

   III. MR. MATTHEWS RECEIVED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

   IV. IF THIS COURT FINDS THAT THE RECORD IS INSUFFICIENT TO DETERMINE COUNSEL'S INEFFECTIVENESS THEN IT SHOULD HOLD AN EVIDENTIARY HEARING.

26. This Court has jurisdiction over this Petition and the issues raised pursuant to 28 U.S.C. § 2254, because Petitioner is being held in violation of the Constitution and laws of the United States pursuant to a decision that was contrary to, and involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, and

resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

27. Petitioner Matthews has exhausted all state remedies available to him.

28. Petitioner Matthews further incorporates by reference the facts and argument presented in his Memorandum of Law in Support of Petition for Writ of Habeas Corpus.

## **RELIEF REQUESTED**

For these reasons, Petitioner Gregory Matthews, asks:

A. That this Court accept jurisdiction over this case;

B. That Respondent be required to appear and answer the allegations in this Petition;

C. That this Court order discovery and hold such evidentiary hearings as this Court may deem necessary or appropriate;

D. That after full consideration, this Court grant this Petition and order that Gregory Matthews either be promptly retried or released from custody;

E. That this Court grant such other, further, and different relief as the Court may deem just and proper under the circumstances; and

F. That this Court grant oral argument in this matter.

Respectfully submitted,

Date: June 19, 2022
/s/ Rachel K. Wolfe
Rachel K. Wolfe (P79204)
Attorney for Petitioner Gregory Matthews
Wolfe Law PLLC
23200 John R. Road
PO Box 13
Hazel Park, MI 48030
(231) 388-5762

**PROOF OF SERVICE**

I certify, under penalty of perjury, that on June 19, 2022, I caused a copy of the foregoing document to be served by electronic filing into the record in the above-captioned case, and sent a copy by U.S. Mail to Attorney General, Criminal Appellate Division, 525 W. Ottawa, PO Box 30217, Lansing, MI 48909.

　　　　　　　　　　　　　　　　　　*/s/ Rachel K. Wolfe*
　　　　　　　　　　　　　　　　　　Rachel K. Wolfe (P79204)